**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH P. GUTIERREZ, | No. 07-15812 |
| Petitioner - Appellant, | D.C. No. CV-05-01537-SI |
| v. | |
| A. P. KANE; BOARD OF PRISONS TERMS COMMISSIONERS, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

California state prisoner Joseph P. Gutierrez appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253, and we affirm in part and vacate and remand in part.

Gutierrez contends that the applicable standard to review parole decisions by the California Board of Prison Terms ("the Board") is preponderance of the evidence. This argument is foreclosed by *Hayward v. Marshall*, 603 F.3d 546, 562-63, 569 (9th Cir. 2010) (en banc). He further argues that the Board's 2003 decision to deny him parole did not have evidentiary support. Because the district court did not have the benefit of this court's en banc opinion in *Hayward* at the time of its decision, we vacate the judgment insofar as the district court concluded that "some evidence" supports the denial of parole, and remand for further proceedings and development of the record. *See id.* (stating that under California's parole scheme the paramount consideration is whether the prisoner poses a current threat to public safety).

Gutierrez maintains that the district court erred by declining to address his claim that the Board is biased and improperly denies parole on a routine basis. The record indicates that the district court did not err and Gutierrez fails to show he was

entitled to an evidentiary hearing as to this claim. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005).

**AFFIRMED in part; VACATED in part and remanded for further proceedings.**